

45 East 34th Street, 5th Floor
New York, New York 10016
Tel.: (212) 594-1035
Email: yji@ahnejillp.com
Website: www.ahnejilaw.com

October 9, 2024

*Via ECF*
Hon. Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1105
New York, New York 10007

      Re: **Chaehyun Lim, et al. v. AY Creative, Inc., et al.**
        **Case No.: 1:24-cv-05530-JMF**

Dear Judge Furman:

  This office represents the Plaintiffs, Chaehyun Lim a/k/a Chae Hyun Lim and Dong Gyu Noh, in the above-referenced matter.  Defendants AY Creative, Inc. d/b/a AY Study and John Park a/k/a Yohan Park are represented by Howard Z. Myerowitz, Esq. of Song Law Firm.  Defendant Andrew Koh a/k/a Kyoung-Wook Koh is currently in default, and there is a pending Motion for Default Judgment as against Defendant Andrew Koh a/k/a Kyoung-Wook Koh.

  Pursuant to the Notice of Initial Pretrial Conference, dated July 24, 2024 (ECF Dkt. No.: 9), the Parties hereby submit this Joint Letter.

  1. **Initial Pretrial Conference:**

  The Parties respectfully submit that they can proceed to discovery without an Initial Pretrial Conference altogether.

  2. **Nature of the action and principal defenses thereto:**

  Plaintiffs:

  AY Creative, Inc. d/b/a AY Study, and its principals, John Park a/k/a Yohan Park and Andrew Koh a/k/a Kyoung-Wook Koh, who market themselves as professional education and study abroad consultants, engaged in fraudulent, deceptive activities and deceived Plaintiffs by providing forged, fake immigration documents, including, but not limited to, I-20s, and various schools' acceptance letters, apology letters,

scholarship agreements, and emails, inducing Plaintiffs to believe that they were admitted to a graduate school program.

Defendants, on multiple occasions, falsely represented that Plaintiffs were admitted to a graduate school program of various schools and that their immigration status has been properly maintained when in fact Plaintiffs were not admitted to those schools.

In doing so, Defendants not only created and disseminated counterfeited, fake immigration documents, inducing Plaintiffs to believe that they immigration status in the U.S. has been maintained as an international student, holding F-1 student visa, but also created and disseminated forged, fake school acceptance letters, apology letters, scholarship agreements, and emails as if those letters and emails originated from various different schools' admissions office, such as Pace University, Mercy University, Monroe College, and Arizona State University, on multiple occasions, inducing Plaintiffs to believe that they were admitted to said schools' graduate school program(s) as full-time students.

Replying on Defendants' representations, Plaintiffs spent a substantial amount of time and money entering and remaining in the U.S., getting ready to launch their academic career, and paying the required fees and dues imposed by Defendants.

When Plaintiffs contacted Pace University, Mercy University, Monroe College, and Arizona State University, those schools informed Plaintiffs that they had no records of Plaintiffs ever getting admitted to their graduate school programs and that they never issued acceptance letters and I-20s to Plaintiffs.

Those schools confirmed that the I-20s and acceptance letters that Defendants provided to Plaintiffs were all counterfeited, fake documents, as they never issued such documents.

Due to Defendants' pattern of fraudulent, deceptive conduct and behavior, Plaintiffs were not able to get admitted to their graduate school program(s) and wasted their valuable time and money, and they legal immigration status in the U.S. had been jeopardized.

This situation left Plaintiffs financially depleted, emotionally distressed, and angry, looking for answers and accountability. Plaintiffs wasted their valuable time and money in pursuit of an education that turned out to be fraud and deception by Defendants.

Plaintiffs thus brought the instant action, asserting claims based upon Defendants' violations of the Racketeer Influenced and Corrupt Organizations Act of 1970, 18 U.S.C. §§ 1964(c), 1962(c) & (d); fraudulent inducement, fraudulent concealment, and aiding and abetting fraud.

Plaintiffs seek damages and equitable relief, which relief includes, but not limited to, the following: reimbursing all of Plaintiffs' expenses incurred for having to remain in the U.S. and getting ready to attend their graduate school program(s), fees paid to

Defendants, and costs and expenses incurred to rectify the issues pertaining to their legal immigration status in the U.S.; punitive damages; treble damages under the Racketeer Influenced and Corrupt Organizations Act of 1970; costs, expenses, and disbursements, including attorneys' fees and expert fees; and any additional relief that the Court deems just, proper, and equitable necessary to provide complete relief to Plaintiffs.

Defendants AY Creative, Inc. d/b/a AY Study and John Park a/k/a Yohan Park:

Although they cannot confirm all of Plaintiffs' allegation, these Defendants do not deny that most of Plaintiffs' allegations are meritorious. However, these Defendants do deny that they had anything to do with the fraudulent actions of Defendant Andrew Koh a/k/a Kyoung-Wook Koh ("Koh"). Defendants AY Creative, Inc. d/b/a AY Study ("AY") and John Park a/k/a Yohan Park ("Park") did not participate in Koh's fraudulent actions, were unaware of Koh's fraudulent actions and were themselves defrauded by Koh out of more than One Hundred Thousand Dollars ($100,000). AY and Park, through their attorneys have filed criminal charges against Koh and are waiting for a decision from the Manhattan District Attorney's office about whether they will prosecute the matter.

3. **Jurisdiction and Venue:**

Plaintiffs:

This Court has subject matter jurisdiction over this action because it arises under the laws of the United States, 18 U.S.C. §§ 1331, 1337, and 1343, and more particularly, the instant action arises under an Act of Congress, namely, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) & (d). *See* 18 U.S.C. § 1964.

This Court has supplemental jurisdiction over Plaintiffs' claims brought under the laws of the State of New York pursuant to 28 U.S.C. § 1367, as they arise out of the common nucleus of operative facts.

Venue is proper in the Southern District of New York under 18 U.S.C. § 1391 because: (a) Defendant AY Creative, Inc. d/b/a AY Study was and still is located in this District; (b) Defendants John Park a/k/a Yohan Park and Andrew Koh a/k/a Kyoung-Wook Koh acted as officers, directors, shareholders, managers, members, and/or owners of AY Creative, Inc. d/b/a AY Study, and they defrauded Plaintiffs in this District; and (c) the events set forth in the Complaint occurred in this District.

AY Creative, Inc. d/b/a AY Study was incorporated in the State of New York, County of New York, on September 2, 2014, and it has its principal place of business at 261 West 35th Street, Suite 602, New York, New York 10001.

Defendants AY Creative, Inc. d/b/a AY Study and John Park a/k/a Yohan Park:

These Defendants dispute that this Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1337, and 18 U.S.C. § 1962(c) & (d). They do not dispute jurisdiction pursuant to 18 U.S.C. §§ 1331, and 1343,

3

These Defendants do not dispute that venue is proper.

4. **Existing deadlines, due dates, and/or cut-off dates:**

   Telephonic Initial Pretrial Conference: **October 15, 2024, at 9:00 a.m.**

   Defendant Andrew Koh a/k/a Kyoung-Wook Koh's Opposition to Plaintiffs' Motion for Default Judgment: **October 15, 2024**

   Telephonic Show Cause Hearing as to why an Order should not be issued granting a default judgment against Defendant Andrew Koh a/k/a Kyoung-Wook Koh: **October 22, 2024, at 3:00 p.m.**

5. **A brief description of any outstanding motions:**

   On September 24, 2024, Plaintiffs filed a motion for default judgment as against Defendant Andrew Koh a/k/a Kyoung-Wook Koh pursuant to Rule 55(b)(2) of the Fed. R. Civ. P. and Local Civil Rule 55.2(b).

   Defendant Andrew Koh a/k/a Kyoung-Wook Koh's Opposition is currently due October 15, 2024, and a telephonic Show Cause Hearing on said motion is currently scheduled for October 22, 2024, at 3:00 p.m.

6. **A brief description of any discovery that has already taken place and of any discovery that is necessary for the Parties to engage in meaningful settlement negotiations:**

   The Parties respectfully submit that they have not engaged in any discovery as of the date of this Joint Letter.

   The Parties intend to engage in discovery pertaining to the documents Defendants provided to Plaintiffs, Defendants' representations made to Plaintiffs, and Defendants' emails and other written communications to Plaintiffs.

7. **A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any:**

   The Parties respectfully submit that they have not engaged in any settlement discussions as of the date of this Joint Letter.

8. **A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms:**

   The Parties hereby confirm that they have discussed the use of alternate dispute resolution mechanisms, and they have agreed that the District's Mediation Program would be appropriate. However, the Parties believe that it would be premature for an ADR at this juncture.

9. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case:**

Plaintiffs:

Plaintiffs respectfully submit that non-party depositions of Pace University, Mercy University, Monroe College, and Arizona State University would assist the Court in advancing the case to settlement or trial. Most, if not all, documents Defendants provided to Plaintiffs purportedly originated from said schools' admissions offices. As described in the Complaint and in this Joint Letter, those documents include, but are not limited to, said schools' purported acceptance letters, apology letters claiming that they were having internal network issues, scholarship agreements, and immigration documents, such as I-20s.

When Plaintiffs contacted said schools, said schools denied ever issuing such letters and immigration documents to Plaintiffs.

Additionally, Defendants' preservation of discoverable document and/or information, including electronically stored data, would be crucial because most, if not all, communications were done electronically, to wit, via email, text message, and Kakaotalk messenger application. Plaintiffs intend to request production of electronically stored data, including metadata, to examine its accuracy and authenticity as the case moves forward.

Defendants AY Creative, Inc. d/b/a AY Study and John Park a/k/a Yohan Park:

These Defendants do not believe extensive discovery is necessary for Plaintiffs to prove their case. As stated above, AY and Park do not deny that most of Plaintiffs' allegations are meritorious. It should not be difficult for Plaintiffs to prove those allegations that these Defendants cannot presently confirm, without resorting to costly and unnecessary discovery.

We thank the Court for its time and consideration in this matter.

        Respectfully submitted,

        /s/ Younghoon Ji_____
        **AHNE & JI, LLP**
        By: Younghoon Ji, Esq.


        Respectfully submitted,

        /s/ Howard Z. Myerowitz____
        **SONG LAW FIRM**
        By: Howard Z. Myerowitz Esq.